DANIEL TANNENBAUM, ESQ.
576 Fifth Avenue, Suite 903
New York, New York 10036
Telephone: (212) 457-1699
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
TIMOTHY CONKLIN,

                *Plaintiff*,

-against-

MONTREIGN OPERATING COMPANY,
LLC (D/B/A RESORTS WORLD
CATSKILLS) EMPIRE RESORTS, INC.
(D/B/A RESORTS WORLD CATSKILLS)
RAY TERWILLIGER, and MIKE HOOD,

                *Defendants.*
--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

      Plaintiff Timothy Conklin ("Plaintiff Conklin" or "Mr. Conklin"), individually and on behalf of others similarly situated, by and through his attorneys, Daniel Tannenbaum, Esq., and as against Montreign Operating Company, LLC (D/B/A Resorts World Catskills) Empire Resorts, Inc. (D/B/A Resorts World Catskills) ("Defendant Corporations") Ray Terwilliger, and Mike Hood ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

      1.     Plaintiff Conklin is a former employee of Defendants Montreign Operating Company, LLC (D/B/A Resorts World Catskills) Empire Resorts, Inc. (D/B/A Resorts World Catskills) Ray Terwilliger, and Mike Hood.

      2.     Defendants own, operate, or control a casino, located at 888 Resorts World Drive, Monticello, NY 12701 operating under the name Resorts World Catskills. ("Resorts World")

1

3. Upon information and belief, Defendants Ray Terwilliger, and Mike Hood serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operates or operated the business as a joint or unified enterprise.

4. Plaintiff Conklin was an employee of Defendants.

5. Plaintiff Conklin was employed as a stewarding Shift Manager at the facility located at 888 Resorts World Drive, Monticello NY 12701.

6. At all times relevant to this Complaint, Plaintiff Conklin worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that he worked.

7. Rather, Defendants failed to maintain accurate record keeping of the hours worked and failed to pay Plaintiff Conklin appropriately for any hours worked.

8. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Conklin to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

9. Defendants' conduct extended beyond Plaintiff Conklin to all other similarly situated employees.

10. Plaintiff Conklin now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq.* (FLSA), and for violations of the N.Y. Labor Law §190 *et seq.* and 650 *et seq.* (the NYLL), overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, §146-1.6 (herein the Spread of Hours Wage Order), including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff Conklin seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. §216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Conklin's state law claims under 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a casino located in this district. Further, Plaintiff Conklin was employed by Defendants in this district.

14. Plaintiff Conklin now brings this action for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq.* (FLSA), and for violations of the N.Y. Labor Law §190 *et seq.* and 650 *et seq.* (the NYLL), including applicable liquidated damages, interest, attorneys' fees and costs.

## PARTIES

*Plaintiff*

15. Plaintiff Timothy Conklin ("Plaintiff Conklin" or "Mr. Conklin") is an adult individual residing in Orange County, New York.

16. Plaintiff Conklin was employed by Defendants at Resorts World Catskills from approximately January 12, 2018 until January 13, 2021.

17. Plaintiff Conklin consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b) and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18. At all relevant times, Defendants own, operate, or control a casino, located at 888 Resorts World Drive, Monticello NY 12701 under the name Resorts World Catskills.

19. Upon information and belief, MONTREIGN OPERATING COMPANY, LLC (D/B/A RESORTS WORLD CATSKILLS) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 888 Resorts World Drive, Monticello NY 12701.

20. Upon information and belief, EMPIRE RESORTS, INC. Resorts World Catskills (D/B/A RESORTS WORLD CATSKILLS) is a foreign corporation organized and existing under the laws of the State of Delaware. Upon information and belief, it maintains its principal place of business at 888 Resorts World Drive, Monticello NY 12701.

21. Defendants Ray Terwilliger, and Mike Hood are individuals engaging (or who were engaged) in business in this judicial district during the relevant time period. Defendants Ray Terwilliger, and Mike Hood are sued individually in their capacity as owner, officer and/or agent of Defendant Corporation. Defendants Ray Terwilliger, and Mike Hood possess operational control over Defendant Corporation, have an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation. They determine the wages and compensation of the employees of Defendants, including Plaintiff Conklin, establish the schedules of the employees, maintains employee records, and have the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

22. Defendants operate a casino located in Monticello, New York.

23. Individual Defendant, Ray Terwilliger, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

24. Individual Defendant, Mike Hood, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

25. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26. Each Defendant possessed substantial control over Plaintiff Conklin's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Conklin.

27. Defendants jointly employed Plaintiff Conklin and are Plaintiff Conklin's employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

28. In the alternative, Defendants constitute a single employer of Plaintiff Conklin.

29. Upon information and belief, Individual Defendants Ray Terwilliger, and Mike Hood operates Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of his own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

30. At all relevant times, Defendants were Plaintiff Conklin's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Conklin, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Conklin's services.

31. In each year from 2018 to 2021, Defendants had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the facility on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

33. Plaintiff Conklin is a former employee of Defendants who was employed as a stewarding shift manager.

*Plaintiff Timothy Conklin*

34. Plaintiff Conklin was employed by Defendants from approximately January 12, 2018 until January 13, 2021.

35. Defendants employed Plaintiff Conklin as a stewarding shift manager.

36. Plaintiff Conklin regularly handled goods in interstate commerce, such as beverages and other supplies produced outside the State of New York.

37. Plaintiff Conklin's work duties required neither discretion nor independent judgment.

38. From approximately January 12, 2018 until January 13, 2021 Plaintiff Conklin worked a schedule of approximately 7:00 a.m. until on or about 3:30 p.m, 5 days a week (typically 45 hours per week).

39. However, Plaintiff Conklin was regularly required to work an additional 8 to 12 additional hours per week beyond his scheduled time totaling work of approximately 55 hours per week.

40. Throughout his employment, Defendants paid Plaintiff Conklin his wages by direct deposit.

41. From approximately January 12, 2018 until January 13, 2021, Defendants paid Plaintiff Conklin on a biweekly basis, at the annual rate of $50,000.

42. Plaintiff Conklin's pay did not vary even when he was required to stay later or work a longer day than her usual schedule.

43. Defendants never granted Plaintiff Conklin any breaks or meal periods of any kind.

44. Defendants denied paid days off to Plaintiff Conklin as agreed at hiring and failed to pay for accrued paid time off at the time of termination.

45. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Conklin regarding overtime and wages under the FLSA and NYLL.

46. Defendants did not provide Plaintiff Conklin an accurate statement of wages, as required by NYLL 195(3).

47. Defendants did not give any notice to Plaintiff Conklin of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

48. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Conklin (and all similarly situated employees) to work in excess of 40 hours a week without paying appropriate overtime compensation as required by federal and state laws.

49. Plaintiff Conklin was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying the wages he was owed for the hours he worked.

50. Defendants habitually required Plaintiff Conklin (and all similarly situated employees) to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

51. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

52. Plaintiff Conklin was paid his wages by direct deposit.

53. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Conklin worked, and to avoid paying Plaintiff Conklin properly for her full hours worked.

54. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

55. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Conklin (and all similarly situated employees).

56. Defendants failed to provide Plaintiff Conklin with accurate wage statements at the time of his payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

## **FLSA COLLECTIVE ACTION CLAIMS**

57. Plaintiff Conklin brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. §

9

216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

58. At all relevant times, Plaintiff Conklin and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

59. The claims of Plaintiff Conklin stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

60. Plaintiff Conklin repeats and realleges all paragraphs above as though fully set forth herein.

61. At all times relevant to this action, Defendants were Plaintiff Conklin's employers within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Conklin (and the FLSA Class Members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for her employment.

62. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

63. Defendants constitute an enterprise within the meaning of the Fair Labor

Standards Act. 29 U.S.C. § 203 (r-s).

64. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Conklin (and the FLSA Class Members), overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

65. Defendants' failure to pay Plaintiff Conklin (and the FLSA Class Members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

66. Plaintiff Conklin (and the FLSA Class Members), was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

67. Plaintiff Conklin repeats and realleges all paragraphs above as though fully set forth herein.

68. At all times relevant to this action, Defendants were Plaintiff Conklin's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Conklin, control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

69. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Conklin overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

70. Defendants' failure to pay Plaintiff Conklin overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

71.     Plaintiff Conklin was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

72.     Plaintiff Conklin repeats and realleges all paragraphs above as though fully set forth herein.

73.     Defendants failed to provide Plaintiff Conklin with a written notice, in English , containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

74.     Defendants are liable to Plaintiff Conklin   in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

75.     Plaintiff Conklin   repeats and realleges all paragraphs above as though fully set forth herein.

76.     With each payment of wages, Defendants failed to provide Plaintiff Conklin with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of

employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

77. Defendants are liable to Plaintiff Conklin in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Conklin respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Conklin and the FLSA Class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Conklin's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Conklin and the FLSA Class members;

(e) Awarding Plaintiff Conklin and the FLSA Class members damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Conklin and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Conklin ;

(h) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Conklin 's compensation, hours, wages and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Conklin ;

(j) Awarding Plaintiff Conklin damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(k) Awarding Plaintiff Conklin damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l) Awarding Plaintiff Conklin liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and

spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m) Awarding Plaintiff Conklin and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(n) Awarding Plaintiff Conklin and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(o) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Conklin demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
February 22, 2021

By:   /s/ *Daniel Tannenbaum*
DANIEL TANNENBAUM, ESQ.
576 Fifth Avenue, Suite 903
New York, New York 10036
Telephone: (212) 457-1699
*Attorneys for Plaintiff*

# Daniel Tannenbaum, Esq.

576 Fifth Avenue, Suite 903
New York, NY 10036
Telephone: (212) 457-1699

January 20, 2021

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                           Timothy Conklin

Legal Representative / Abogado:          Daniel Tannenbaum, Esq.

Signature / Firma:

Date / Fecha:                            January 20, 2021