# Daniel Tannenbaum, Esq.

580 Fifth Avenue, Suite 820
New York, New York 10036
Telephone: (212) 457-1699

October 25, 2021

**VIA ECF**

Hon. Cathy Seibel
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re:    Conklin v. Montreign Operating Co., LLC, et al. SDNY Civil Action No.: 21cv1595 (CS)

Dear Judge Seibel:

This office represents plaintiff in the above referenced matter.  Plaintiff writes to submit this letter setting forth his views on why the agreed upon settlement in this matter is fair.

The parties have agreed to a negotiated settlement ("Agreement") after court ordered mediation held on July 22, 2021. A copy of the proposed Agreement is attached hereto as "Exhibit A."  We therefore ask the Court to approve the settlement, pursuant to _Cheeks v. Freeport Pancake House_, Inc., 796 F.3d 199 (2d Cir. 2015).

The parties ask the Court to retain jurisdiction for purposes of enforcement of this settlement if approved.

1. **Background**

Plaintiff filed his Complaint against Defendants alleging claims for unpaid overtime wages, unpaid spread of hours pay, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 _et seq._ (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 _et seq._, and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

Plaintiff was employed by Defendants as a stewarding shift manager at Resorts World Catskills. Plaintiff alleges that Defendants maintained a policy and practice of requiring Plaintiff to work in excess of forty hours per week without paying him the proper overtime compensation required by federal and state laws.

Plaintiff was paid on a salary basis but maintains that he was a non exempt employee who was entitled to receive overtime payments for all hours worked above forty hours.

{01026764.DOC.2}

Defendants deny the allegations in the Complaint.

## 2. Settlement Terms

Plaintiff alleges that he was entitled to back wages of approximately $84,375.14. Plaintiff estimates that if he had recovered in full for his claims, he would be entitled to approximately $211,362.41 which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. A copy of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit B." The parties have agreed to settle this action for the total sum of $35,000. The settlement will be paid in a lump sum payment.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiff's claims. Defendants were adamant that Plaintiff worked less hours than claimed, and that he was exempt employee, indicating they were willing to provide witnesses and further evidence to this effect. The Parties expressed interest in resolution of this matter without the burden of continued litigation.

Considering the risks in this case outlined above, Plaintiff believes that this settlement is a good result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

## 3. Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with his retainer agreement with Plaintiff, Plaintiff's counsel will receive $11,942.67 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation (inclusive of costs) as agreed in Plaintiff's retainer agreement, which provides that one third of Plaintiff's recovery will be retained by the firm plus costs.

Plaintiff's counsel's lodestar in this case is $9,940.00. A copy of Plaintiff's billing record is attached as "Exhibit C." Mr. Daniel Tannenbaum's standard billing rates are $350 an hour. (DT)

{01026764.DOC.2}

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit.  *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiff's counsel's significant experience representing Plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and on-going negotiation.

A brief biography of the attorney who performed billed work in this matter is as follows:

Daniel Tannenbaum is the principle of the Law Office of Daniel Tannenbaum, Esq.  He graduated Hofstra Law School in 2008, and is admitted to the New York Bar, New Jersey Bar, United States District Court, Southern District of New York and the United States District Court, Eastern District of New York. Since law school he has practiced labor and employment law and commercial litigation at a number of law firms. He is responsible for a regular caseload involving all aspects of the firm's employment docket in federal court.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

Respectfully submitted,

/s/*Daniel Tannenbaum*
Daniel Tannenbaum, Esq.
Attorney for the Plaintiff

Enclosures

cc:    Alexander Soric, Esq.

{01026764.DOC.2}